**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AERTRADE LLC, | |
| Plaintiff, | Case No. _____ |
| v. | |
| AERO TRADE LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff Aertrade, LLC (Plaintiff or "Aertrade"), by its undersigned attorneys, for its complaint against Aero Trade LLC (Defendant or "Aero Trade") alleges as follows:

## THE PARTIES

1.      Aertrade is an Illinois limited liability company with a principal place of business at 1585 Beverly Ct # 128, Aurora, IL 60502.

2.      On information and belief, Defendant is an Illinois limited liability company with a principal place of business at 1700 W. Fulton St. Chicago, IL 60612.

## NATURE OF THE ACTION

3.      Aertrade brings this lawsuit for trademark infringement and unfair competition to stop Defendant "Aero Trade" from trading off of and destroying the goodwill and consumer recognition Plaintiff has built in its AERTRADE brand.

4.      As described more fully below, Aertrade has been using the AERTRADE mark for over 11 years in connection with the buying and selling of aircraft parts and rotable components. Aertrade  is located in Chicagoland but sells to customers throughout the United States and the world.  Defendant Aero Trade is also located in Chicago and has recently emerged as a *direct*

*competitor* to Aertrade. The AERO TRADE mark is nearly identical to Plaintiff's AERTRADE mark, differing by only one letter, and the insertion of a space in the middle. The marks are so similar, in fact, that Aertrade's customers, brokers, and vendors are actually being confused as to the company with which they are interacting or doing business.

5. Prior to filing this lawsuit, Aertrade demanded that Aero Trade cease using its confusingly similar mark, pointing out that customers and vendors were actually being confused. Aero Trade, however, has refused to stop its infringement and continues to damage Aertrade. Aero Trade's infringement will continue unless enjoined by the Court.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendant because Defendant resides in this district and is engaging in continuous and systematic business in Illinois and in this district.

7. This Court has subject matter jurisdiction over this action under the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).

8. Venue in this district is proper under 28 U.S.C. §1391 since Defendant maintains a principal place of business in Chicago.

## AERTRADE'S TRADEMARK RIGHTS

9. Plaintiff Aertrade adopted the mark AERTRADE for its business in 2007. For over a decade, Aertrade has been engaged in the business of purchasing, leasing, and exchanging of engine parts, and airframe rotable components and accessories ("Aertrade Products & Services") under the AERTRADE mark. Aertrade is an Illinois company located in Aurora, Illinois but serves customers throughout the United States and the world. In addition to Aurora, Aertrade has facilities in Florida, Arizona, Seattle, and Arkansas. Aertrade's customers include nearly every major airline,

2

aircraft repair facilities, and aircraft Maintenance Repair and Overhaul companies ("MROs"), including United Airlines, American Airlines, Lufthansa, Allegiant, and Air Canada.

10.     Although the aircraft parts trading business is fiercely competitive, Aertrade has had a great deal of success and, through over 11 years of hard work, has built a sterling reputation and significant amount of goodwill with its customers and potential customers.  Aertrade has built its reputation, at least in part, by consistently offering customers a large inventory of high-quality parts, superior documentation, excellent 24/7 customer service, and prompt delivery of parts when timing is critical.

11.     Aertrade's available inventory is over 40,000 line items and the company receives inquiries from over 350 customers per year, executing over 150 to 180 transactions annually. Transactions range significantly in dollar amount but average between $20,000 and $40,000.

12.     Aertrade has invested substantial time, effort, and resources in promoting and marketing itself under and in connection with its AERTRADE mark.  For example, Aertrade attends 3-4 trade shows per year, spending approximately $15,000 to $20,000 on these appearances. Aertrade employs a full-time marketing employee, maintains an active website, engages in email marketing, direct mail, and cold calling.  Moreover, Aertrade pays for listings of parts using the AERTRADE trademark in a number of aviation parts marketplaces such as Inventory Locator Service ("ILS"), Partsbase, One Aero and Locatory.

13.     Over the last 11 years, Aertrade has continuously used the AERTRADE mark in interstate commerce.  As a result of this continuous use and Aertrade's significant efforts and dedication, AERTRADE has become a "household name" in the aircraft parts business.  Customers throughout the U.S. and abroad have come to closely associate the AERTRADE mark with the high-quality parts and services provided by Aertrade.

14. Since 2007, Aertrade has been the exclusive user of the AERTRADE mark in connection with distributorship, procurement, and brokerage of airframe and engine rotable components and accessories. In fact, prior to Defendant's infringement, Aertrade was the only user of *any* mark that includes the prefix 'aer' and the word 'trade'—whether alone or in combination with other words or elements—in connection with such services.

15. The AERTRADE mark is inherently distinctive, serving to identify and indicate Aertrade as the source of its Aertrade Products & Services to customers and potential customers throughout the United States, and to distinguish Plaintiff's parts and services from those of its competitors.

16. Even if AERTRADE were not an inherently distinctive trademark, the mark has acquired distinctiveness as a result of Plaintiff's longstanding use and extensive efforts to promote its products and services under the mark, as described above. The AERTRADE mark acquired such distinctiveness long before Defendant first began using the infringing AERO TRADE mark in 2016.

**DEFENDANT'S UNLAWFUL CONDUCT**

17. Upon information and belief, Defendant's owner David Chaimovitz incorporated Aero Trade, LLC and the company began using the AERO TRADE mark in June 2016.

18. Like Aertrade, Aero Trade is located in Chicagoland and is engaged in the business of trading and exchanging aircraft parts and accessories under the AERO TRADE mark.

19. The services and products offered by Aertrade and Aero Trade overlap almost completely. The customers of both companies are airlines, MROs, and aircraft maintenance and repair facilities. Aertrade and Aero Trade are direct competitors, both servicing the same customers throughout the United States and globally.

20. On information and belief, Aertrade and Aero Trade attend the same trade shows and pay to list their parts in at least some of the same aviation parts marketplaces, for example, ILS.

21.     Defendant's conduct has caused and continues to cause confusion among Aertrade's customers, brokers, and vendors as whether they are contacting or dealing with Aertrade or Aero Trade.     Attached as Exhibits A-F are several emails in which customers have confused AERTRADE and AERO TRADE.     These emails demonstrate that the close similarity between Aertrade's mark and the infringing AERO TRADE mark has and will continue to cause confusion among Aertrade's customers and potential customers.

22.     After becoming aware of the significant extent to which its customers are being confused by Defendant's conduct, Aertrade wrote to Aero Trade, pointing out Aertrade's senior trademark rights and explaining that customers are likely to be confused—and have actually been confused.  Ex. G.  Defendant Aero Trade, however, has refused to cease its infringing activities.

23.     On information and belief, Defendant knew of Plaintiff's trademark rights and that customers were being confused as early as March 2017.  Defendant has intentionally traded on the goodwill and reputation of AERTRADE by continuing to use a confusingly similar mark.  Defendant's infringement since at least March 2017 has been in willful disregard of Plaintiff's trademark rights.

**COUNT I**
**Lanham Act Trademark Infringement**

24.     Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

25.     Defendant's use of the AERO TRADE mark is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of Defendant's services with those of Plaintiff.

26.     Upon information and belief, Defendant's has used and continues to use the infringing AERO TRADE mark in interstate commerce.

27.     As a direct and proximate result of Defendant's conduct, Plaintiff has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

28.     Plaintiff has no adequate remedy at law because Plaintiff's mark is unique and represents to the public Plaintiff's identity, reputation and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendant's misconduct.

29.     Unless enjoined by the Court, Defendant will continue to use and infringe Plaintiff's trademark, to Plaintiff's irreparable injury.  This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued infringement of Plaintiff's mark and to ameliorate and mitigate Plaintiff's injuries.

30.     On information and belief, since at least March 2017, Defendant has been aware of that consumers have been confused as to whether they are dealing with AERO TRADE or AERTRADE and Defendant has attempted profit from this confusion.  At least as early as November 2, 2018, Defendant was expressly informed of Plaintiff's trademark rights and that Defendant's infringement was causing actual confusion.  Ex. G.  However, Defendant has, in willful and wanton disregard of Plaintiff's rights, continued its infringement thereby entitling Plaintiff to an award of punitive damages.

31.     The foregoing conduct constitutes trademark infringement in violation Section 43(a) of the Lanham Act,  15 U.S.C. §1125(a).

32.     Plaintiff is entitled to recover actual and treble damages, attorney fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
## Lanham Act Unfair Competition

33.     Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

34.     Defendant's use of the AERO TRADE mark falsely suggests Plaintiff as the source of Defendant's product and services, and falsely represents that Defendant's products and services are provided by or sourced from Plaintiff.

35.     Defendant's conduct has deprived Plaintiff of its rightful ability to control the quality of goods and services uniquely associated with Plaintiff's AERTRADE mark and to ensure that its associated, valuable goodwill and reputation are protected.

36.     As a direct and proximate result of Defendant's infringement, Plaintiff has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill, in an amount as yet not fully ascertained.

37.     The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Plaintiff is entitled to recover actual and treble damages, attorney fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

38.     Plaintiff is entitled to all remedies available under the Lanham Act, including, but not limited to, injunctive relief, compensatory damages, treble damages and disgorgement of profits.

## COUNT III
## Illinois Common Law Trademark Infringement

39.     Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

40.     Plaintiff is the owner of valid common law rights in the AERTRADE mark which it has used continuously and in connection with the Aertrade Products & Services prior to Defendant's unauthorized use of the infringing AERO TRADE mark.

41.     Defendant's aforesaid use of the AERO TRADE mark is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of Defendant's business and parts in that consumers and others are likely to believe Defendant's services and parts are legitimately connected with or approved by Plaintiff in violation of Illinois common law.

42.     As a direct and proximate result of Defendant's infringement, Plaintiff has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

43.     Plaintiff has no adequate remedy at law because Plaintiff's mark is unique and represents to the public Plaintiff's identity, reputation and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendant's misconduct.

44.     Unless enjoined by the Court, Defendant will continue to use and infringe Plaintiff's trademark to Plaintiff's irreparable injury. This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the Plaintiff mark and to ameliorate and mitigate Plaintiff's injuries.

**COUNT IV**
**Illinois Uniform Deceptive Trade Practices Act**

45.     Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

46.     The acts of Defendant complained of herein constitute a violation the Illinois Uniform Deceptive Trade Practices Act 815 ILCS § 510 et seq., including because Defendant has

caused a likelihood of confusion as to source, sponsorship, affiliation or connection with Plaintiff. Plaintiff is entitled to an injunction preventing further injury by virtue of Defendant's wrongful conduct.

## COUNT V
## Cybersquatting

47.     Plaintiff repeats and realleges each and every paragraph above as if fully set forth herein.

48.     On information and belief, Defendant has a bad faith intent to profit from the registration and use of the internet domain name "aerotrade.com" by creating an association with Plaintiff's AERTRADE mark as to source or sponsorship.

49.     On information and belief, Defendant registered the domain name "aerotrade.com" on February 27, 2018.

50.     Plaintiff's mark AERTRADE was distinctive at the time of Defendant's registration of the domain name "aerotrade.com."

51.     On information and belief, Defendant had knowledge of Plaintiff's AERTRADE mark prior to its registration of the above-mentioned domain name on February 27, 2018.

52.     The second-level domain name portion of the "aerotrade.com" and is identical to Plaintiff's AERTRADE mark except for the addition of the letter "o."

53.     Plaintiff has been damaged by Defendant's unlawful use of the infringing domain name and will suffer irreparable harm if the Defendant is permitted to retain ownership of that domain.

54.     The Defendant's registration and use of the "aerotrade.com" domain will harm the goodwill represented by Plaintiff's AERTRADE mark by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the "aerotrade.com" website.

55.     The Defendant's acts are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## REQUEST FOR RELIEF

WHEREFORE, Aertrade prays for judgment and relief as follows:

1.      An injunction pursuant to 15 U.S.C. §1116(a) directing and restraining Defendant, its officers, agents, servants, employees, attorneys, parents, subsidiaries, and other persons in active concert or participation with Defendant from:

  a.  using in any manner any name, mark, or design consisting of or containing AERTRADE, AERO TRADE mark, or any term confusingly similar thereto;

  b.  committing any acts calculated to cause consumers to believe that any products or services sold, licensed, or offered by Defendant are sponsored by, licensed by, approved by, connected with, supported by, guaranteed by, sold by, or offered by Plaintiff or are under the control or supervision of Plaintiff;

  c.  unfairly competing with Plaintiff in any manner; or

  d.  assisting, authorizing, aiding or abetting any other person or business entity engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

2.      Directing Defendant to file with the Court and serve on Plaintiff within thirty days after the entry of permanent injunction, reports in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

3.      Requiring Defendant to account to Plaintiff for any profits realized as a result of Defendant's wrongful infringement and awarding such profits to Plaintiff pursuant to 15 U.S.C. § 1117(a);

4.      Damages and punitive damages pursuant to 15. U.S.C. § 1117(a) in an amount to be determined at trial;

5.      An order that Defendant's trademark infringement and unfair competition was willful;

6.      Awarding Plaintiff its attorneys' fees and costs of this lawsuit pursuant to 15

U.S.C. § 1117(a) and 815 ILCS 510/3;

7.      Treble damages pursuant to 15 U.S.C. § 1117(a);

8.      An order requiring Defendant to immediately transfer the "aerotrade.com"

domain name to Plaintiff and pay for all costs associated with the transfer of the domain names

pursuant to 15 U.S.C.§1125(d)(1)(C);

9.      An award of pre-judgment interest; and

10.     Awarding all other relief this Court deems just, proper, and equitable.


## JURY DEMAND

Plaintiff demands a trial by jury as to all claims and all issues properly triable thereby.



Date:  December 11, 2018            AERTRADE LLC

                                    By:   /s/  Robert D. Leighton

                                    Marsha K. Hoover
                                    Robert D. Leighton
                                    GOLDBERG KOHN, LTD.
                                    55 East Monroe, Suite 3300
                                    Chicago, Illinois 60603
                                    312-201-4000
                                    Marsha.Hoover@goldbergkohn.com
                                    Robert.Leighton@goldbergkohn.com

                                    *Attorneys for Aertrade LLC*